IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:13-cr-92-WSD |
| DONALD R. LAFOND, JR., and JASON ROBERT WIDDISON, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion *in Limine* to Limit Reference to Victim's Prior Convictions and Other Acts [50].

**I.   BACKGROUND**

Defendants Donald R. Lafond, Jr. ("Lafond") and Jason Robert Widdison ("Widdison") ("Defendants") are both charged with unlawfully killing Kenneth Mills ("Mills") with malice aforethought, aided and abetted by each other, in violation of 18 U.S.C. §§ 1111, 7(3), and 2.  The Government charges that on March 1, 2011, Lafond and Widdison, both inmates at the United States Penitentiary ("USP") in Atlanta, Georgia, engaged in a fight with a third inmate, Mills, in the Segregated Housing Unit's ("SHU") recreation yard.  Mills died from

the injuries he suffered in the altercation.  Defendants allege that they acted in self-defense.

The Government moves *in limine* to limit references of prior acts, including criminal convictions, of the victim of the assault.  The Government asks to limit references to Mills' criminal history, other than his status as an inmate in the SHU at the USP, and references to Mills's allegedly aggressive prior conduct, occurring before the incident at issue in this case.

On January 14, 2014, the Court deferred ruling on the motion and ordered Defendants to proffer the testimony that they seek to introduce.  Proffers were filed by Lafond and Widdison on January 20, 2014, and a supplement to Widdison's proffer was filed on January 21, 2014.  Lafond proffers that he will testify that Mills boasted that (i) Mills killed the victim of a carjacking that Mills committed, (ii) Mills stabbed a fellow inmate while in federal custody, (iii) Mills inflicted violent injuries upon victims of a home invasion, and (iv) Mills intended to "pick up" an additional charge to stay in federal custody.

Widdison proffers that he will testify that based upon first hand conversations with Mills, that he knew (i) Mills had stabbed another inmate because the inmate was a child molester, (ii) Mills wanted to stay in the federal system rather than return to the Florida system where he faced life without parole

2

for murder, and (iii) Mills would, if necessary, kill his cellmate to get a one man cell. Widdison also seeks to admit extrinsic evidence of Mills's criminal history by offering (i) the Government's Motion of Upward Departure in United States v. Mills, Case No. 03-80096 CR-HURLEY, Southern District of Florida (Doc. 55-1), (ii) documents detailing the inmate stabbing incident (Doc. 65-1), and (iii) the criminal history of Mills's stabbing victim (Docs. 66-2, 66-3, 66-4, and 66-5).

## II.  DISCUSSION

Defendants intend to claim at trial that they acted in self-defense and, to support the defense, they seek to introduce evidence of specific instances in which Mills allegedly engaged in violent conduct. When self-defense is claimed, Rule 404(a)(2) allows evidence that a victim had an aggressive or violent disposition to the extent it bears on whether the victim was the first aggressor. This evidence may be admitted in the form of opinion or reputation testimony. See Fed. R. Evid. 404(a)(2); see also United States v. Bordeaux, 570 F.3d 1041, 1050 (8th Cir. 2009) (admitting testimony that the alleged victim had a reputation as a "thug" and "troublemaker" and "trying to be a tough guy").

Rule 405(b) prohibits the use of specific acts to prove character unless it is an essential element to the offense. Fed. R. Evid. 405(b). A plea of self-defense does not make the victim's character an element of the defense. Self-defense

requires proof of who started the altercation, not whether the victim is generally a violent person and thus must have been when the event at issue occurred. See United States v. Gulley, 526 F.3d 809, 819 (5th Cir. 2008).

Specific acts may, however, sometimes be introduced to show that a defendant knew about a victim's prior violent acts at the time of the altercation, and that these prior acts support a defendant's claim that the victim's behavior before the incident in question was aggressive or violent requiring that the defendant defend himself. See United States v. Bordeaux, 570 F.3d 1041, 1050 (8th Cir. 2009) ("Evidence of a victim's prior bad acts is only admissible to the extent a defendant establishes knowledge of such prior violent conduct at the time of the conduct underlying the offense charged."); United States v. Smith, 230 F.3d 300, 308 (7th Cir. 2000) ("It is only when the specific instances of conduct are known to the one claiming self-defense, and thus could have factored into the decision-making process that resulted in the act that such instances should be admissible as essential elements of the claim."); United States v. Saenz, 179 F.3d 686, 688 (9th Cir. 1999) (in assault trial where defendant claimed self-defense, he could prove that he knew about specific violent acts of conduct by the victim at the time of the altercation).

### A. Defendants' Proffered Testimony

Lafond claims he will testify about his first hand knowledge of Mills's previous violent actions. Mills's statements that he intended to cause an additional charge to be asserted against him to enable him to stay in federal custody are relevant to who was the first aggressor in the altercation. The remaining statements about which Lafond intends to testify are admissible to the extent that they show Lafond's knowledge of Mills's violent or aggressive nature. See Smith, 230 F.3d at 308. Lafond's testimony of his firsthand knowledge of Mill's past violent acts is allowed, but for the limited purpose of showing Lafond's knowledge and state of mind at the time of the altercation and may be considered by the jury only to consider whether Lafond acted in self-defense.

Widdison seeks to testify that Mills boasted that he had stabbed another inmate and stated why the stabbing occurred, and would, if necessary, kill his cellmate to get a one-man cell. Mills also told Widdison about his dissatisfaction with the Florida prison system, and that he wanted to get another federal sentence to stay in federal prison. Mills's statements to Widdison that address Mills's prior violent acts or violent intent are firsthand knowledge of violent behavior and intent that are reasonably probative on Widdison's claim of self-defense. Id. The testimony may be introduced for the limited purpose of showing Widdison's

knowledge and intent at the time of the altercation. Because the evidence allowed is permitted for a limited purpose, the Court will give an instruction which limits consideration of Defendants' firsthand knowledge of Mills's prior alleged violent conduct to whether Widdison and Lafond acted in self-defense.[1]

### B. Extrinsic Evidence of Mills's Conduct

Widdison seeks to introduce extrinsic evidence of Mills's criminal history, the stabbing incident, and the stabbing victim's criminal record to corroborate Defendants' statements that Mills had engaged in the conduct described by Mills. When a defendant alleges self-defense, evidence of a victim's propensity for violence may be shown based upon the defendant's knowledge of the victim's alleged past violent conduct. Here, Defendants' knowledge of Mills's alleged past conduct is based on statements purportedly made by Mills to them. The extrinsic evidence Widdison seeks to offer is to "corroborate" the statements that Mills allegedly made to him. Widdison does not claim to have been aware of the documents that Widdison want to offer into evidence and thus they were not

---

[1] Specifically, the Court proposes to instruct the jury: "The Court has allowed Defendant [Lafond's] [Widdison's] testimony of Mills's alleged past violent conduct or intent to commit violent acts. The evidence of Mill's past alleged conduct and intent may be used by you for the limited purpose of deciding if Defendant [Lafond] [Widdison] acted in self-defense in the altercation that is at issue in this case."

6

known to him at the time of the altercation. The documents are not related to the defense Defendant plans to offer and thus they are not admissible.

Even if they had probative value of some kind—which they do not— the probative value of this "corroborating" evidence is outweighed by the danger of jury confusion and otherwise would be misleading. Fed. R. Evid. 403. Documentation corroborating that Mills engaged in this conduct is irrelevant to whether either of the Defendants knew that such conduct occurred. The Government's motion to exclude extrinsic evidence regarding Mills's criminal history or past conduct is granted.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government's Motion *in Limine* to Limit Reference to Victim's Prior Convictions and Other Acts [50] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that Defendants may not offer extrinsic evidence (i) of Mills's criminal history beyond his status as an inmate in the Special Housing Unit of the United States Penitentiary, and (ii) of the stabbing incident or the stabbing victim's criminal history. The motion is **DENIED** with regard to statements made by Mills to Lafond, specifically that (i) Mills killed the victim of a carjacking that Mills

7

committed, (ii) Mills stabbed a fellow inmate while in federal custody, (iii) Mills inflicted violent injuries upon victims of a home invasion, and (iv) Mills intended to "pick up" an additional charge to stay in federal custody, and statements made by Mills to Widdison, specifically that (i) Mills had stabbed another inmate because the inmate was a child molester, (ii) Mills wanted to stay in the federal system rather than return to the Florida system where he faced life without parole for murder, and (iii) Mills would, if necessary, kill his cellmate to get a one man cell

**SO ORDERED** this 23rd day of January 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE